**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:08CV-18-H**

**CYNTHIA ROUSE**
**TIMOTHY ROUSE**                                                                 **PETITIONERS**

**v.**

**COMMONWEALTH OF KENTUCKY** *et al.*                               **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER

Timothy Rouse ("Timothy") initiated this action by filing a handwritten document styled "Petition." In the petition, Timothy identified himself and Cynthia Rouse ("Cynthia") as Petitioners.[1] As the jurisdictional statement, Timothy advises that Cynthia was indicted on "charges of complicity to escape, P.F.O. 2nd degree" and that he was indicted on charges of escape and forgery in the second degree. Although Timothy indicates that he was indicted on the above-referenced charges, the only relief sought is for the charges to be "dismissed against above named Petitioner Cynthia M. Rouse and to reinstate her parole, to prevent from bringing [illegible] of wrongfull conviction." Timothy reports that he and another inmate "created a false release order" and sent it to Cynthia, who Timothy claims "had no knowledge of the order being falsified." Timothy further reports that a second order attached to the falsified release order directed that "the parant of Timothy Rouse please fax this attached order to K.C.P.C." Timothy contends that "Cynthia [] thought that the order commanding her to fax the order was true and correct. That she had no criminal intent in the case to be indicted or convicted."

---

[1] Only Timothy initially signed the petition, but in response to a deficiency notice issued by the Clerk of Court, Cynthia subsequently signed the document as well.

### *A. Timothy*

Because the "Petition" seeks dismissal of only Cynthia's charges and reinstatement of Cynthia's parole, the Court concludes that Timothy brought this petition on behalf of Cynthia, not on his own behalf.[2] *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). **IT IS THEREFORE ORDERED** that the "Petition" is **DENIED** as to Timothy Rouse.[3]

### *B. Cynthia*

Because Cynthia is seeking dismissal of the charges against her and reinstatement of parole, the Court construes the "Petition" as a petition for writ of habeas corpus. Cynthia signed the "Petition" by her own hand in response to a deficiency notice, thereby evincing her intent to proceed with the action in her own behalf. Cynthia failed, however, to file an application to proceed without prepayment of fees as directed in the deficiency notice. Moreover, the Court has no address of record for Cynthia. Should Cynthia Rouse intend to continue with the prosecution of this petition, the Court advises her to state every ground on which she claims that she is being held in violation of the Constitution, laws, or treaties of the United States or face the stringent restrictions on "second or successive" petitions under 28 U.S.C. § 2244(b)(1) & (2).

---

[2] The Court notes that subsequent to the filing of the instant "Petition," Timothy filed a petition for writ of habeas corpus on a 28 U.S.C. § 2254 form, which the Clerk mistakenly attached to the instant "Petition." In the form, Timothy challenges an August 2007 Fulton Circuit Court conviction (06-CI-00013), a conviction unrelated to the offenses referenced in the instant "Petition." The Court will, therefore, not consider the attachment as part of the instant action. The Court will also not direct the Clerk to file the attached form as a separate action as Timothy is already challenging the Fulton Circuit Court conviction in six other cases currently pending before this Court. *See* Civil Action Nos. 5:07CV-205-R, 5:07CV-211-R, 4:07CV-154-M, 5:07CV-212-R, 5:08CV-36-R, and 5:08CV-49-R.

[3] Should Timothy want to challenge his own charges for escape and forgery at a later date, he may do so only after exhaustion of available state court remedies.

The Court further advises Cynthia that she may bring a petition for writ of habeas corpus only after exhaustion of available state court remedies.

**IT IS THUS ORDERED** that within **30 days** of the date of entry of this Memorandum Opinion and Order that:

(1) **Cynthia Rouse shall ADVISE this Court, in writing, of her mailing address**;

(2) **Cynthia Rouse shall either PAY the $5.00 filing fee or FILE a fully completed application to proceed without prepayment of fees**; and

(3) **Cynthia Rouse shall FILE her petition for writ of habeas corpus on a court-supplied form**.

The Court **WARNS** Cynthia that her failure to comply with this Order within the time allotted **will result in dismissal** of the petition.

The **Clerk of Court is DIRECTED to send Cynthia** both a prisoner and non-prisoner application to proceed without prepayment of fees[4] and to send her a form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[5] The Clerk is directed to send this Order to Cynthia care of the address of record of Timothy Rouse.

Date:

cc: Petitioners, *pro se*
4412.005

---

[4]Because Cynthia has not provided her address, it is unknown whether her status is that of a prisoner or non-prisoner. Upon receipt of the applications, therefore, Cynthia must select the appropriate form to complete and return to the Court.

[5]The Court advises that it is unclear whether the petition for writ of habeas corpus should be brought under 28 U.S.C. § 2241 or § 2254 given the scant facts in the petition. Having Cynthia fill out a § 2254 form, however, should clarify the issue.